1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TERRANCE GOODWIN                    No.  2:18-CV-0363-JAM-DMC

12              Plaintiff,

13         v.                            ORDER

14    S. SALAGUBANG, et al.,

15              Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is Plaintiff's complaint (ECF No. 1).  Plaintiff alleges

19    that Defendants violated his due process rights under the Fourteenth Amendment by drafting and

20    filing a false report and using it as the basis for issuing Plaintiff a Rules Violation Report (RVR).

21

22            **I.  SCREENING REQUIREMENT AND STANDARD**

23            The Court is required to screen complaints brought by prisoners seeking relief

24    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

25    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

26    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

27    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

28    ///

                                        1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Defendants violated his Fourteenth Amendment rights to due process. Specifically, Plaintiff contends J. Salagubang drafted a false report stating that he observed Plaintiff pass an unknown object to inmate Jones in the area of the high side dayroom on the benches near the television. The allegedly false report states that both inmates were acting suspicious and that when Salagubang walked away from the control booth Plaintiff reached into his pocket and passed an unknown object to Jones, who then placed it in his upper sock area. The object discussed in the alleged false report was determined to be contraband identified as marijuana. After a hearing and administrative appeal Plaintiff received a loss of 141 days of

credit, a loss of 180 days of visiting and contact privileges, was confined to quarters for 10 days, ordered to take mandatory drug tests for four months, and assessed 90 days no dayroom, among other punitive measures. Plaintiff alleges that this false report violated his due process rights. It is unclear, however, if Plaintiff alleges any deficiencies in the process itself.

## III. ANALYSIS

### A. Due Process

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." Id. at 484, 487.

When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from an administrative decision or a disciplinary decision. If it is an administrative decision, due process requires that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the reason segregation is being considered, and

3

1 allow the prisoner to present his views. See Toussaint v. McCarthy, 801 F.2d 1080, 1100, 1104-

2 05 (9th Cir. 1986). There also must be some evidence to support the prison officials'

3 decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985). If it is a disciplinary decision, the

4 procedural protections required are: written notice, time to prepare for the hearing, a written

5 statement of decision, allowance of witnesses and documentary evidence when not unduly

6 hazardous, and aid to the accused where the inmate is illiterate, or the issues are complex. Wolff

7 v. McDonnell, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the

8 disciplinary decision, see Superintendent v. Hill, 472 U.S. at 454, and the information that forms

9 the basis for prison disciplinary actions must have some indicia of reliability. See Cato v. Rushen,

10 824 F.2d 703, 704-05 (9th Cir. 1987).

11         The Ninth Circuit has never clarified if false charges can provide the basis for a

12 section 1983 claim. However, courts have generally determined that false charges alone are not

13 actionable under section 1983 because falsely accusing a person of misconduct does not violate a

14 right secured by the Constitution or laws of the United States. These courts have reasoned that

15 the focus of the analysis is on the process required by law and have thus concluded that false

16 accusations do not violate the due process clause of the Fourteenth Amendment so long as the

17 inmate is afforded the procedural protections required by federal law at the disciplinary hearing.

18 See Smith v. Mensinger, 293 F.3d 641, 654 (3rd Cir. 2002); Sprouse v. Babcock, 870 F.2d 450,

19 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane,

20 747 F.2d 1137, 1140-41 (7th Cir. 1984).

21         Here, it is unclear if Plaintiff is alleging violations related to the process he was

22 afforded. In other words, it is unclear if Plaintiff contends that he was not provided (1) a written

23 statement at least 24 hours before the disciplinary hearing that includes the charges, a description

24 of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an

25 opportunity to present documentary evidence and call witnesses, unless calling witnesses would

26 interfere with institutional security; and (3) legal assistance where the charges are complex or the

27 inmate is illiterate as required by law. See Wolff, 418 U.S. at 563-70. It is also unclear if

28 Plaintiff is alleging that there is insufficient evidence to satisfy the "some evidence" standard,

4

which would place into question the decision of the hearing officer.  Because such a lack of

clarity exists, Plaintiff's complaint, as currently pleaded cannot pass screening.

Though this Court is well aware that many courts generally find allegations of

false or fabricated charges inadequate to state a claim under section 1983, this court is hesitant to

apply such a strict bar at the screening stage, absent clear direction from the Ninth Circuit.  If

Plaintiff can allege facts that indicate the false or fabricated charges somehow infected the

required procedural processes, Plaintiff may be able to state a claim for relief here.  For example,

if Plaintiff alleges the hearing officers failed to make a factual finding that the alleged false report

was not false, and yet still used the alleged false report as the sole basis for its decision, Plaintiff

could claim that his due process rights were violated.  To be clear, this Court is not stating that

such allegations, in fact, would necessarily state a claim under section 1983, nor is this court

declining to adopt the principle that allegations of fabrication alone do not state a claim under

section 1983.  Rather, this Court is noting that should Plaintiff choose to amend his complaint, he

may be able to pass the screening stage if he can allege sufficient facts to demonstrate that the

false report infected the procedures required under the due process clause of the Fourteenth

Amendment.

   **B.**     ***Heck* Bar**

It is also possible that Plaintiff's claims against Defendants are barred by Heck v.

Humphrey, 512 U.S. 477, 486-87 (1994) and Edwards v. Balisok, 520 U.S. 641, 646 (1997).

In Heck, the Supreme Court held that a state prisoner's claim for damages is not cognizable under

42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of

his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has

previously been invalidated.  In Balisok, the Supreme Court extended this ruling to bar claims

under § 1983 for damages and declaratory relief brought by a state prisoner challenging the

validity of the procedures used to deprive him of good-time credits.

///

///

///

1    Because it is possible here that Plaintiff's due process challenge would implicate

2    the loss of good-time credit, it could be bared under Heck and Balisok.  However, if Plaintiff

3    asserts a claim in his amended complaint which does not implicate the validity of the procedures

4    used to deprive him of good time credits, such a claim could proceed.

5

6                          **IV.  AMENDING THE COMPLAINT**

7                 Because it is possible that the deficiencies identified in this order may be cured by

8    amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

9    action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

10   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

11   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

12   amend, all claims alleged in the original complaint which are not alleged in the amended

13   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

14   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

15   plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

16   complete in itself without reference to any prior pleading.  See id.

17                 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

20   each named defendant is involved, and must set forth some affirmative link or connection

21   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

22   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23                 Finally, plaintiff is warned that failure to file an amended complaint within the

24   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

25   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

26   with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

27   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

28   ///

                                             6

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

       1.     Plaintiff's complaint is dismissed with leave to amend; and

       2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  May 8, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE